The Honorable Charlie Cole Chaffin State Senator 12180 Interstate 30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following two questions:
 1. Is a municipal judge required to be a resident of the county in which he or she serves?
 2. Can a person serve as Municipal Judge in a county in which that person is not a resident while serving at the same time as a public defender and/or deputy prosecuting attorney in the county in which that person is a resident?
It is my opinion that the answer to your first question is "yes." This question is discussed in Op. Att'y Gen. 92-352, (copy enclosed). There are several statutes which are pertinent to the question, and different municipal courts may be governed by different statutes, depending upon how, and under what set of statutes, the court was created. See Op. 92-352 at 3. Each statute, however, in my opinion, requires at least residence in the county.
Section 16-17-209 (1987), which applies to municipal courts established in cities with populations of 2,400 or more and county-seat towns of less than 2,400, requires the judge to be an "elector of the judicial subdivision wherein the court sits." Section 16-17-103, which applies to municipal courts generally, provides that the judge of a municipal court elected by a countywide vote need not be a resident of the city, but must be a resident of the county in which the court sits. Section 16-17-120
(Cum. Supp. 1991) provides that where a city governing body has enacted an ordinance requiring a municipal judge to be elected by the electors of the entire county, any candidate for municipal judge shall meet all requirements set by law, but shall not be required to be a resident of the municipality. This section would presumably, however, require residence in the county. Seealso A.C.A. § 16-17-101 (1987) (authorizing agreement by municipalities for one municipal judge to serve other cities or towns, and requiring residency in the county when the judge is selected by the combined electors of the agreeing cities and towns); and A.C.A. § 16-17-403(b) (same).
The requirement of residence in the county is also constitutionally compelled. Article 19, § 3 of the Arkansas Constitution provides that "No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." This requirement has been interpreted by the Arkansas Supreme Court to mandate residence in the political subdivision to be served by the elected official.Davis v. Holt, 304 Ark. 619, 623, 804 S.W.2d 362 (1991). Although there may be a question under this provision as to whether a particular municipal judge serves the county, the municipality, or a judicial district in a county with two judicial districts, residence would in all cases be required in the county.[1]
It is therefore my opinion that the answer to your first question is "yes."
It is my opinion that the answer to your second question is "no," because a person cannot serve as municipal judge in a county in which he or she is not a resident. It is therefore unnecessary to decide whether holding the simultaneous positions of municipal judge and public defender or deputy prosecutor would be contrary to law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] The one exception may be with regard to a municipal court which is authorized pursuant to A.C.A. § 16-17-206(b)(2) (Cum. Supp. 1991) to have jurisdiction over territory in more than one county. Presumably, the judge could, pursuant to the requirements of art. 19, § 3 and A.C.A. § 16-17-209, reside in either the county in which the city is primarily located, or in that portion of the adjoining county over which the court has jurisdiction.